UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br>*City of Hobbs, New Mexico v. AmerisourceBergen Drug Corporation, et al.*<br><br>1:19-op-46068<br>_____ | MDL No. 2804<br><br>Case No. 1:17-md-2804<br><br>Judge Dan Aaron Polster<br><br>**SHORT FORM FOR SUPPLEMENTING COMPLAINT AND AMENDING DEFENDANTS AND JURY DEMAND** |

Plaintiff submits this supplemental pleading and Amended Complaint incorporating as if fully set forth herein its own prior pleadings and, if indicated below, the common factual allegations identified and the RICO causes of action included in the Corrected Second Amended Complaint and Jury Demand in the case of *The County of Summit, Ohio, et al., v. Purdue Pharma L.P., et al.,* Case No. 1:18-op-45090 ("*Summit County* Pleadings"), *In Re National Prescription Opiate Litigation,* in the United States District Court for the Northern District of Ohio, Dkt #513, 514[1]), and as may be amended in the future, and any additional claims asserted herein. Plaintiff also hereby amends its complaint to alter the defendants against which claims are asserted as identified below. To the extent defendants were previously sued in plaintiff(s)' existing complaint and they are no longer identified as defendants herein, they have been dismissed without prejudice except as limited by CMO-1, Section 6(e).  Doc. #232.

---

[1] Docket #513 is the redacted Summit Second Amended Complaint and Docket #514 is the unredacted Summit Corrected Second Amended Complaint filed under seal in Case No. 1:17-md-02804-DAP.  The redacted Summit Corrected Second Amended Complaint is also filed in its individual docket, Case No. 1:18-op-45090-DAP, Docket #24.

## INCORPORATION BY REFERENCE OF EXISTING COMPLAINT

Plaintiff(s)' Existing Complaint, *City of Hobbs, New Mexico* v. *AmerisourceBergen Drug Corporation, et al.* (1:19-op-46068), as may have been previously amended, is expressly incorporated by reference to this Short Form as if fully set forth herein except to the extent that allegations regarding certain defendants that are not listed in section 2 below are dismissed without prejudice.

## PARTIES – DEFENDANTS

1. Having reviewed the relevant ARCOS data, Plaintiff asserts claims against the following Defendants:

AMERISOURCEBERGEN DRUG CORPORATION, CARDINAL HEALTH, INC., McKESSON CORPORATION, TEVA PHARMACEUTICAL INDUSTRIES LTD., TEVA PHARMACEUTICALS USA, INC., CEPHALON INC., JOHNSON & JOHNSON, JANSSEN PHARMACEUTICA INC., ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC., JANSSEN PHARMACEUTICALS INC., NORAMCO INC, ENDO HEALTH SOLUTIONS INC., ENDO PHARMACEUTICALS INC, ALLERGAN PLC, WATSON PHARMACEUTICALS, INC., WATSON LABORATORIES INC., ACTAVIS LLC, ACTAVIS PHARMA, INC., MALLINCKRODT PLC, MALLINCKRODT LLC, CVS HEALTH CORPORATION, WALGREENS BOOTS ALLIANCE INC., WALMART INC., ALBERTSON'S LLC, AMNEAL PHARMACEUTICALS, LLC, KVK-TECH, INC MORRIS & DICKSON CO., LLC, MYLAN PHARMACEUTICALS, INC., PAR PHARMACEUTICAL, INC., PAR PHARMACEUTICAL COMPANIES, INC., SPECGX, LLC AND WEST-WARD PHARMACEUTICALS, CORP..

**I, <u>Anthony J. Majestro</u>, Counsel for Plaintiff(s), certify that in identifying all Defendants, I have followed the procedure approved by the Court and reviewed the ARCOS data that I understand to be relevant to Plaintiff(s). I further certify that, except as set forth below, each of the Defendant(s) newly added herein appears in the ARCOS data I reviewed.**
**I understand that for each newly added Defendant not appearing in the ARCOS data I must set forth below factual allegations sufficient to state a claim against any such newly named Defendant that does not appear in the ARCOS data.**

**Dated: February 20, 2020**           **Signed:** <u>/s/ Anthony J. Majestro</u>

Factual Allegations Regarding Individual Defendants

1.1 Defendants ALBERTSON'S LLC, AMNEAL PHARMACEUTICALS, LLC, KVK-TECH, INC., MORRIS & DICKSON CO., LLC, MYLAN PHARMACEUTICALS, INC., PAR PHARMACEUTICAL, INC., PAR PHARMACEUTICAL COMPANIES, INC., SPECGX, LLC, AND WEST-WARD PHARMACEUTICALS, CORP. are hereby added as Defendants by this pleading based on the following jurisdictional allegations:

1.1.1 Defendant **Albertson's LLC** is a Delaware limited liability company with its principal place of business in Boise, Idaho. Albertsons LLC is registered to conduct business and/or conducts business in Plaintiff's community as a licensed wholesale pharmaceutical distributor. Albertsons LLC distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. Albertsons LLC is sued as both a Distributor Defendant and as a National Retail Pharmacy Defendant.

1.1.2 Defendant **Amneal Pharmaceuticals, LLC** ("Amneal") is a Delaware limited liability company with its principal place of business in Branchburg, New Jersey. Amneal manufactures, promotes, distributes and/or sells opioids nationally, including many Schedule II controlled substances such as Oxycodone and Hydrocodone. Amneal is registered to conduct business and/or conducts business in Plaintiff's community as a licensed wholesale pharmaceutical distributor. Amneal distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. Amneal is sued as a Marketing Defendant.

1.1.3 Defendant **KVK-Tech, Inc.** is a privately-held Pennsylvania corporation with its principal place of business in Pennsylvania. KVK-Tech, Inc.is a manufacturer of generic

prescription opioids, including many Schedule II controlled substances such as Oxycodone and Hydrocodone. KVK-Tech, Inc. manufactures, markets, sells and/or distributes pharmaceutical drugs nationally and in Plaintiff's Community. KVK-Tech, Inc. is registered to conduct business and/or conducts business in Plaintiff's community as a licensed wholesale pharmaceutical distributor. KVK-Tech, Inc. distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. KVK-Tech, Inc. is sued as a Marketing Defendant.

   1.1.4 Defendant **Morris & Dickson Co., LLC** ("Morris & Dickson") is a limited liability company with its principal place of business in Shreveport, Louisiana. Morris & Dickson is a full-line wholesale pharmaceutical distributor. On information and belief, it is the largest independently owned and privately held drug wholesale distributor in the United States. It operates out of a single distribution center in Shreveport, Louisiana, which serves pharmacies, hospitals and alternate care clinics such as nursing homes in 17 states. Morris & Dickson is registered to conduct business and/or conducts business in Plaintiff's community as a licensed wholesale pharmaceutical distributor. Morris & Dickson distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. Morris & Dickson is sued as a Distributor Defendant.

   1.1.5 Defendant **Mylan Pharmaceuticals, Inc.** dba Mylan Pharmaceuticals is a West Virginia corporation with its principal place of business located in Morgantown, WV. Mylan Pharmaceuticals is registered to conduct business and/or conducts business in Plaintiff's community as a licensed wholesale pharmaceutical distributor. Mylan Pharmaceuticals distributed

4

opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. Mylan Pharmaceuticals is sued as a Marketing Defendant.

    1.1.6    Defendant **Par Pharmaceutical, Inc.** is a Delaware corporation with its principal place of business located in Chestnut Ridge, New York. Par Pharmaceutical, Inc. is a wholly-owned subsidiary of Par Pharmaceutical Companies, Inc. f/k/a Par Pharmaceutical Holdings, Inc. Defendant **Par Pharmaceutical Companies, Inc.** is a Delaware corporation with its principal place of business located in Chestnut Ridge, New York. (Par Pharmaceutical, Inc., and Par Pharmaceutical Companies, Inc., collectively "Par Pharmaceutical") was acquired by Endo International plc in September 2015 and is an operating company of Endo International plc. Par Pharmaceutical is registered to conduct business and/or conducts business in Plaintiff's community as a licensed wholesale pharmaceutical distributor. Par Pharmaceutical distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. Par Pharmaceutical is sued as a Marketing Defendant.

    1.1.7    Defendant **SpecGx, LLC** is a Delaware limited liability company with its headquarters in Clayton, Missouri and is a wholly owned subsidiary of Defendant Mallinckrodt plc. SpecGx, LLC is registered to conduct business and/or conducts business in Plaintiff's community as a licensed wholesale pharmaceutical distributor. SpecGx, LLC distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. SpecGx, LLC is sued as a Marketing Defendant.

1.1.8 Defendant **West-Ward Pharmaceuticals Corporation** n/k/a Hikma Pharmaceuticals USA Inc. ("West-Ward") is a Delaware corporation with a principal place of business in New Jersey. West-Ward is a provider of oral, liquid, inhalant, and injectable branded and non-branded generic medicines. West-Ward is a manufacturer of generic prescription opioids, including many Schedule II controlled substances such as Oxycodone and Hydromorphone. West-Ward manufactures, markets, sells and/or distributes pharmaceutical drugs nationally and in Plaintiff's Community. West-Ward is registered to conduct business and/or conducts business in Plaintiff's community as a licensed wholesale pharmaceutical distributor.  West-Ward distributed opioids, in violation of the duties owed to Plaintiff as set forth in Plaintiff's original complaint and the other allegations incorporated herein, in sufficient quantities to be a proximate cause of Plaintiff's injuries. West-Ward is sued as a Marketing Defendant.

## COMMON FACTUAL ALLEGATIONS

2. By checking the boxes in this section, Plaintiff hereby incorporates by reference to this document the common factual allegations set forth in the *Summit County* Pleadings as identified in the Court's Order implementing the Short Form procedure. Dkt. #1282.

☒ Common Factual Allegations (Paragraphs 130 through 670 and 746 through 813)
☒ RICO Marketing Enterprise Common Factual Allegations (Paragraphs 814-848)
☒ RICO Supply Chain Enterprise Common Factual Allegations (Paragraphs 849-877)

3. If additional claims are alleged below that were not pled in Plaintiff's Existing Complaint (other than the RICO claims asserted herein), the facts supporting those allegations must be pleaded here.  Plaintiff(s) assert(s) the following additional facts to support the claim(s) identified in Paragraph 6 below (below or attached):

N/A

## **CLAIMS**

4. The following federal **RICO causes of action** asserted in the *Summit County* Pleadings as identified in the Court's implementing order and any subsequent amendments, Dkt. 1282, are incorporated in this Short Form by reference, in addition to the causes of action already asserted in the Plaintiff(s)'s Existing Complaint (check all that apply):

☒  First Claim for Relief – Violation of RICO, 18 U.S.C. § 1961 *et seq*. – Opioid Marketing Enterprise (Against Defendants Purdue, Cephalon, Janssen, Endo and Mallinckrodt (the "RICO Marketing Defendants")) (*Summit County* Pleadings, Paragraphs 878-905)

☒  Second Claim for Relief – Violation of RICO, 18 U.S.C. § 1961 *et seq*. – Opioid Supply Chain Enterprise (Against Defendants Purdue, Cephalon, Endo, Mallinckrodt, Actavis, McKesson, Cardinal, and AmerisourceBergen (the "RICO Supply Chain Defendants")) (*Summit County* Pleadings, Paragraphs 906-938)

5. Plaintiff asserts the following **additional claims** as indicated (below or attached): N/A

6. To the extent Plaintiff(s) wish(es) to **dismiss claims** previously asserted in Plaintiff(s)'s Existing Complaint, they are identified below and will be dismissed without prejudice:  N/A

WHEREFORE, Plaintiff(s) prays for relief as set forth in the *Summit County* Pleadings in *In Re National Prescription Opiate Litigation* in the United States District Court for the Northern District of Ohio, MDL No. 2804 and in Plaintiff's Existing Complaint as has been amended herein.

Dated: February 20, 2020              /s/Anthony J. Majestro
*Attorney for Plaintiff(s)*
Anthony J. Majestro
J.C. Powell
James S. Nelson
Christina L. Smith
**POWELL & MAJESTRO, PLLC**
405 Capitol Street, Suite P-1200
Charleston, WV 25301
Tel.: 304-346-2889
Fax: 304-346-2895
amajestro@powellmajestro.com
jcpowell@powellmajestro.com
jnelson@powellmajestro.com
csmith@powellmajestro.com


/s/J. Burton LeBlanc, IV
Russell W. Budd
J. Burton LeBlanc, IV
Laura J. Baughman
Christine C. Mansour
**BARON & BUDD, P.C.**
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
Tel.: 214-521-3605
Fax: 214-520-1181
rbudd@baronbudd.com
bleblanc@baronbudd.com
lbaughman@baronbudd.com
cmansour@baronbudd.com

/s/Peter J. Mougey
Peter J. Mougey
Troy Rafferty
Archie C. Lamb, Jr.
Page A. Poerschke
Laura S. Dunning
Jeffrey Gaddy
**LEVIN, PAPANTONIO, THOMAS, MITCHELL, RAFFERTY & PROCTOR, P.A.**
316 S. Baylen Street, Suite 600
Pensacola, FL 32502-5996
Tel.: 850-435-7068
Fax: 850-436-6068
pmougey@levinlaw.com
trafferty@levinlaw.com
alamb@levinlaw.com
ppoerschke@levinlaw.com
ldunning@levinlaw.com
jgaddy@levinlaw.com


/s/ M. Bert Ketchum, III
M. Bert Ketchum, III
**Greene, Ketchum,
Bailey & Tweel, LLP**
419 - 11th Street (25701)/ P.O. Box 2389
Huntington, West Virginia 25724-2389
Phone: 800.479.0053 or 304.525.9115
Fax: 304.529.3284
bert@greeneketchum.com


/s/Paul T. Farrell, Jr.
**FARRELL LAW OFFICE**
P.O. Box 1180
Huntington, WV 2571-1180
Tel.: 304-654-8281
paul@farrell.law

9

/s/James C. Peterson
R. Edison Hill (WVSB No. 1734)
James C. Peterson (WVSB No. 2880)
Harry C. Deitzler (WVSB No. 981)
Aaron L. Harrah (WVSB No. 9937)
Sandra B. Harrah (WVSB No. 7130)
Douglas A. Spencer (WVSB No. 9369)
**HILL, PETERSON, CARPER,**
**BEE & DEITZLER, PLLC**
NorthGate Business Park
500 Tracy Way
Charleston, WV  25311
Tel.:  304-345-5667
Fax:  304-345-1519
jcpeterson@hpcbd.com
rehill@hpcbd.com
HGDeitzler@hpcbd.com
aaron@hpcbd.com
sandra@hpcbd.com
doug@hpcbd.com


/s/Michael J. Fuller, Jr.
Michael J. Fuller, Jr.
Amy J. Quezon
**MCHUGH FULLER LAW GROUP,**
**PLLC**
97 Elias Whiddon Rd.
Hattiesburg, MS  39402
Tel.: 601-261-2220
Fax: 601-261-2481
mike@mchughfuller.com
amy@mchughfuller.com

10

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of February, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System. Copies will be served upon counsel of record by, and may be obtained through, the Court CM/ECF Systems.

/s/Anthony J. Majestro
Anthony J. Majestro
*Attorney for Plaintiff(s)*